In re SECTION 20 LAND GROUP, LTD., Eagle Develop. of S.W. Florida, Inc., Twin Eagles Dev. Co., Inc., Twin Eagles Golf & C.C., Inc., V.V.V. Holdings Company, Inc., Twin Eagles Land Group I, LLC, Debtors.

Florida Wildlife Federation, Collier County Audubon Society, James L. Swigert, Lucinda Kidd Hackney, Roger Dykstra, Ann Dukett and Roberta Wooseter, Plaintiffs,

v.

Collier County, Florida, Twineagles Land Group I, Twineagles Management, Ltd., and Twineagles Development, Inc., Defendants.

Bankruptcy Nos. 99–14697–9P1, 99–14699–9P1, 99–14709–9P1, 99–14703–9P1, 99–14705–9P1, 99–14702–9P1. Adversary No. 99–646.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Aug. 4, 2000.

Robert Diffenderfer, W. Palm Beach, Steven M. Berman, Tampa, FL, for Debtors.

Jordi Guso, Miami, FL, for Textron.

Thomas W. Reese, St. Petersburg, Richard Grosso-Shepard, Ft. Lauderdale, Mary Kogut Equels/Frank Terzo, Maimi, FL, for Plaintiffs.

Michael W. Pettit, Naples, FL, for Collier Co.

## ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR STAY OF FINAL JUDGMENT PENDING APPEAL (DOC. NO. 111 )

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THIS CAUSE came on for hearing upon Plaintiff's Emergency Motion for Stay of Final Judgment Pending Appeal. Plaintiffs seek to stay all actions in the general administration of the Chapter 11 cases of the Debtors. Particularly, Plaintiffs seek to stop the confirmation process of the Fourth Amended and Restated Plan of Reorganization (Fourth Amended Plan). A hearing is scheduled for August 7, 2000, to consider confirmation of the Fourth Amended Plan and, in the event confirmation is denied, to consider a plan of reorganization proposed by some of the secured lenders. The Court reviewed the Motion and the record, heard argument of counsel and now finds and concludes as follows:

In October 1998, Plaintiffs filed a verified Complaint against Collier County in the Circuit Court in and for Collier County, Florida (Circuit Court), Case No. 98–3694–CA (State Court Action), seeking to vacate and void the final plat of a portion of the real property owned by the Debtors that was approved by the Board of County Commissioners of Collier County on August 4, 1998. The Complaint alleged a cause of action under Fla. Stat. § 163.3215, which authorizes adversely affected persons to file suit in the Circuit Court challenging local government development orders which are inconsistent with comprehensive land use plans adopted pursuant to Chapter 163, Part II, Florida Statutes. The Circuit Court entered an Order on February 10, 1999 authorizing

Twin Eagles Land Group I, by TwinEagles Management Ltd., a Florida limited partnership, as its sole manager, by Twin Eagles Development, Inc., a Florida corporation, as its general partner (collectively "TwinEagles") to intervene.

On September 9, 1999, the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code, with the exception of Talon Land Group, Ltd., which filed its Petition on October 19, 1999. The Debtors filed seven separate cases that have not been substantively consolidated.

The Debtors own various interests in approximately one thousand three hundred seventy-four acres of land, together with certain improvements thereon, including an 18 hole golf course (Golf Course), clubhouse, sales facility and other improvements, located in Naples, Collier County, Florida (the "Property"). At the time of the filing of these bankruptcy cases, the only debtor entity that was conducting any business was Twin Eagles Golf & Country Club, Inc. (Golf & Country Club). Golf & Country Club was in the process of completing the construction of the Golf Course and attendant amenities, such as the Clubhouse on Phase I of the Property. Phase I also includes 474 acres consisting of 67 home sites and a sales center. Twin Eagles Land Group I, LLC (Land Group) owns the Phase I lots and sales center.

From the outset, it was clear that the Debtors had absolutely no funds with which to complete the golf course. A nationally televised, PGA sponsored golf tournament was scheduled to take place at the Golf Course in January 2000. The Debtors immediately applied for and obtained debtor-in-possession financing from Textron, C. William Bloomquist, The Ultimate Land Trust and BridgeLoan Investors, Inc. The initial authorization of $2.1 million was for a limited time. Upon the expiration of the deadline, the Debtor applied for and obtained authority to borrow additional funds, replacing the original lenders.

On September 29, 1999, the Debtors filed a Notice of Removal, pursuant to Fed.R.Bankr.Pro. 9027, removing the State Court Action to the District Court. The State Court Action was then referred to this Court. After a final evidentiary hearing, on December 21, 1999, this Court entered its Findings of Fact and Conclusions of Law and, on December 23, 1999, entered its Final Judgment. The Court found that the Plaintiffs lacked standing to challenge Ordinance 98–17 and the approval of the site plan; that the Complaint was untimely filed under Fla. Stat. § 163.3215; and that neither the site plan or the plat is inconsistent with the Collier County Comprehensive Land Use Plan. The Findings of Fact and Conclusions of Law and the Final Judgment are presently on appeal to the District Court.

Movants timely filed a Notice of Appeal of the Findings of Fact, Conclusions of Law and Memorandum Opinion on December 30, 1999. Subsequently, on January 14, 2000, Movants filed an amended Notice of Appeal to include the Final Judgment. Yet, Movants failed to seek a stay pending appeal until they filed the instant Motion five months later on June 12, 2000.

Plaintiffs seek to stay all further proceedings pertaining to the confirmation of the Fourth Amended Plan until the District Court rules on the presently pending appeal; to stay the development of Phase I; or to enter an appropriate to protect the interests and rights of all parties in interest during the pendency of the appeal.

■ A party seeking a stay pending appeal pursuant to Fed.R.Bankr.Pro. 8005 bears the burden of establishing (1) the likelihood of success on the merits of the appeal; (2) that the movant will suffer irreparable injury if the stay is denied; (3) that no substantial harm will be suffered by the other parties if the stay is granted; and (4) that no harm to the public interest, if it is implicated, will be caused by granting the stay. *See In re Lykes Bros. Steamship Co., Inc.,* 221 B.R. 881, 884 (Bankr.M.D.Fla.1997) (citations omitted);

see also *Tooke v. Sunshine Trust Mort. Trust,* 149 B.R. 687, 689 (M.D.Fla.1992). The failure to satisfy one prong of the standard for granting a stay pending appeal justifies denial of the motion. *Id.*

■ A consideration of the substantial harm that will befall the Debtors and the creditors of this estate if a stay is granted makes the consideration of the other factors involved in granting a stay unnecessary. Movants contend that the Debtor and the estate would not be substantial harmed by a stay. They contend that the stay would be beneficial because it would afford the Debtor and the estate the opportunity to mitigate potential liability for the removal of structures built in violation of the comprehensive plan in the event Movants prevail in the appeal. To the contrary, in the event a plan of reorganization is not confirmed immediately, the interests of all parties in interest, the creditors and equity will be totally wiped out. Although the senior lenders may receive full satisfaction upon foreclosing their interests, the same is not true of junior lienors and certainly not the interests of the unsecured creditors and equity who will receive nothing in foreclosure. Any delay in the reorganization process and the completion of a sale of the Debtors or their assets will doom these Chapter 11 cases.

This Court will not ignore the Movants' failure to promptly seek a stay. In reliance on the Movants' inaction, the Debtors' lenders, in good faith and after notice, loaned over $7,000,000 to the Debtors. It would be grossly unfair to penalize them and place their interests in complete jeopardy.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion be, and the same is hereby denied.